Mr. John P. Parsons Commissioner Credit Union Department 914 East Anderson Lane Austin, Texas 78752
Re: Whether certain school funds may be deposited in credit unions
Dear Mr. Parsons:
You have asked whether an independent school district may deposit `activity funds' in a credit union in Texas. In a letter to this office, you characterized `activity funds' as:
 [T]hose monies belonging to various organizations such as the PTA (Parent-Teachers Association), school bands, drill team clubs, and athletic booster clubs which are held by a school district for safekeeping and accounting. The monies are not derived from taxes but are generally obtained by an organization through solicitation of contributions, promotions and similar functions for the sole benefit of the organization, with such monies being the property of the organization and not the school districts. The school district merely acts as custodian of the monies.
In Attorney General Opinion MW-272 (1980), this office concluded that the School Depository Act, Education Code sections 23.71 et seq., to which independent school districts are subject, requires that a `school depository' shall be a bank located in Texas. Sec. 23.74. The opinion held that a savings and loan association does not qualify as a `bank' within the meaning of this provision. See § 23.73 (definition of `bank'). In Attorney General OpinionMW-534 (1982), this office held that a credit union is not a `banking corporation, association or individual banker.' It follows, in our opinion, that credit unions are not `banks' within the meaning of the School Depository Act, and therefore may not serve as school district depositories.
If an independent school district may not use a credit union as its depository, it necessarily follows that any funds that must be placed in the depository by the school district may not be deposited in a credit union. Thus, the next step in our analysis is to determine whether any statute requires an independent school district to deposit in the school depository the `activity funds' that you have described. Although the School Depository Act contains elaborate procedures to be followed by school districts in selecting their depository, it offers no clue as to what school funds must be deposited therein. There are statutes requiring that certain funds be placed in the school depository, see, e.g., Educ. Code §§ 23.94(d); 29.95(f) (tax revenues); 16.254(c) (foundation school funds); 15.10(d) (state available school funds), but we have found no statute that touches upon the funds about which you are concerned, and our attention has been directed to no such statute.
In a letter which was submitted to this office, the Texas Education Agency urges that `co-curricular activity' funds, as that term is defined in Texas Education Agency Bulletin 679, must be placed in the school depository. The agency asserts:
 Briefly stated, it is the position of the Texas Education Agency that funds deriving from co-curricular, school-related activities and held in trust by Texas public school districts for a dedicated purpose are under the control of each district's Board of Trustees for the purpose of the trust. Accordingly, such co-curricular funds must be forth fully accounted for and accorded the same measures of care, collateral protection and safekeeping as are public funds derived from state appropriations, local taxes and federal grants.
 To assure this the State Board of Education and the Commissioner of Education promulgated, effective April 9, 1982, significant changes in Texas Education Agency Bulletin 679, adopted by reference at 7 Tex. Reg. 1300, March 26, 1982. These changes, effective September 1, 1982, require all school districts to treat and account for co-curricular funds as a part of the General Fund under the direct control of each school district's Board of Trustees . . .
. . . .
 Because co-curricular funds have been, since September 1, 1982, unarguably under the control of the Board of Trustees of each Texas public school district, it is our opinion that these funds must be deposited by each public school district only as prescribed by the School Depository Act . . . and may not be separately deposited with any financial entity other than the district's school depository bank or banks.
We understand that `co-curricular activity' funds are funds deriving from `school sponsored events or activities that are financed or subsidized from public school funds.' TEA Bulletin 679, Procedure CDE-402. It is true that Bulletin 679 places these funds in the category of `general funds' which are under the control of the boards of trustees in the school districts. It is also true that school districts are required to account for general funds. See, e.g., TEA Bulletin 679, Procedure CDE-402; CDE-406; APP-B-2; see also Educ. Code § 21.256 (annual audit of school district fiscal accounts). It does not follow, however, that these funds `may not be separately deposited with any financial entity other than the district's school depository bank or banks.' As we have noted, we have found no statute that requires that these funds be deposited in the school depository. We have not, moreover, found any provision in Bulletin 679 that imposes such a requirement. To require districts to account for a certain class of funds is not, in our opinion, to require them to deposit those funds in a particular place. It may be (although we do not decide this issue) that the Texas Education Agency possesses the requisite statutory authority to promulgate an administrative regulation requiring independent school districts to deposit `co-curricular activity' funds in their depository. It has not done so, however.
Because no statute or administrative regulation to which our attention has been directed requires independent school districts to deposit in their depositories the `activity funds' that you have described, we conclude that districts may place these funds in credit unions.
 SUMMARY
Independent school districts may deposit `activity funds,' as herein defined, in credit unions in Texas.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General